Argued and submitted September 30, 1981, affirmed February 22,
reconsideration denied April 1,
petition for review denied May 4, 1982 (293 Or 103)

RON JONES & CO. et al,
*Petitioners,*

*v.*

FAYE WRIGHT NEIGHBORHOOD
PLANNING COUNCIL et al,
*Respondents.*

(LUBA No. 80-171, CA A21137)

641 P2d 68

D. Erik Larson, Salem, argued the cause for petitioners. With him on the brief was Brand, Lee, Ferris & Embick, Salem.

Richard C. Stein, Salem, argued the cause for respondents. With him on the brief was Ramsay, Stein, Feibleman & Myers, Salem.

Before Gillette, Presiding Judge, and Young, Judge, and Roberts, Judge Pro Tempore.

ROBERTS, Judge Pro Tempore.*

---

* Appointed to Supreme Court February 8, 1982.

**ROBERTS, J.,** Pro Tempore.

This is a case challenging the City of Salem's issuance of a variance for construction of a cul-de-sac street 300 feet longer than the 800-foot limit imposed by Salem Revised Code 63.225(c). The issue has twice been before the Land Use Board of Appeals (LUBA). LUBA first held the variance invalid, declaring the city's findings were inadequate to demonstrate compliance with the criteria set forth in Salem Revised Code 63.332(a).[1] The city then reconsidered and granted the variance again, supporting it this time with more detailed findings. LUBA again reversed, finding no substantial evidence to support those findings. We affirm.

The city's findings focus on the unreasonable hardship which would be imposed upon the developer by requiring him to abandon the plan for extending the cul-de-sac street and to acquire off-site property for access to a public street. While the record supports a finding that this alternative would work a financial hardship on the developer, this is not the issue the city was required to consider. To justify the granting of a variance, the applicable ordinance requires, *inter alia,* a finding that "[t]here are *special conditions inherent in the property* * * * which would make strict compliance with a requirement of SRC 63.115 to

---

[1]

"BASIC CONDITIONS FOR A VARIANCE: (a) No variance shall be granted except upon a finding by the planning administrator that each of the following conditions is met:

"(1) There are special conditions inherent in the property (such as topography, location, configuration, physical difficulties in providing municipal services, relationship to existing or planned streets and highways, soil conditions, vegetations, etc.) which would make strict compliance with a requirement of SRC 63.115 to 63.265 an unreasonable hardship, deprive the property of a valuable natural resource, or have an adverse effect on the public health, safety and welfare;

"(2) The variance is necessary for the proper development of the subdivision and the preservation of property rights and values;

"(3) There are no reasonably practical means whereby the considerations found under (1) or (2) above can be satisfied without the granting of the variance; and

"(4) It is unlikely that the variance will have adverse effect on the public health, safety, and welfare, or on the comfort and convenience of owners and occupants of land within and surrounding the proposed subdivision or partition."

63.265 an unreasonable hardship. * * *." It was therefore incumbent upon the city to find that strict compliance with the relevant ordinance, i.e., construction of a cul-de-sac no more than 800 feet in length, would work an unreasonable hardship. There is nothing in the evidence taken at the October, 1980, hearing, or in the records of the earlier hearings, which the city incorporated into its second decision, to support a finding that construction of only an 800-foot cul-de-sac to serve the property would be an unreasonable hardship. The developer and the engineer who testified on his behalf stated that the consequence of the shorter access would mean 15 non-uniform lots ranging in size from 6,000 square feet to 67,500 square feet and would require the removal of considerable natural vegetation on the smaller lots.[2] While an 800-foot cul-de-sac may render impossible the community design the developer sought, there is no evidence that resizing of the lots in any way would create an unreasonable hardship.[3]

Affirmed.[4]

---

[2] This design problem results from developer's commitment to build 15 houses on the property regardless of the length of the cul-de-sac.

[3] Though we note that destruction of the vegetation on a large portion of the site might mean strict compliance would "deprive the property of a valuable natural resource," neither the city nor LUBA considered that factor.

[4] Because we find the first condition for issuance of a variance was not met, it is not necessary to consider petitioner's assignments of error as to the remaining conditions.